# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RORY DANIELLE GORDON,

    Plaintiff,

V.                                      CASE NO:

HQ SALON AVEDA,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RORY DANIELLE GORDON, (hereinafter "Plaintiff" or "Ms. Gordon"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, HQ SALON AVEDA (hereinafter "Defendant," "HQ Salon," or "Company") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on race, a race-based hostile work environment, and retaliation in violation of 42 U.S. Code § 1981 - Equal rights under the law, and Chapter 760 of

1

the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her race, subjected her to a hostile work environment, and retaliated against her for reporting racial discrimination in violation of her rights under 42 U.S. Code § 1981 and the FCRA.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state

law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6.  This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.  Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division. All facts and circumstances arising from this dispute took place in Pasco County, Florida, where Defendant employed Plaintiff at its salon located at 28329 Paseo Drive, Suite 140, Wesley Chapel, Florida 33543.

## PARTIES

8.  Plaintiff is an African American female who resides in Pasco County, Florida.

9.  Plaintiff is a member of a class protected against discrimination and retaliation based on her race under 42 U.S. Code § 1981 and the FCRA.

10. During the period from April 2021 until December 6, 2024, Defendant employed Plaintiff as a Hair Stylist.

3

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by 42 U.S. Code § 1981 and the FCRA.

13. The Defendant, HQ SALON AVEDA, is a business entity with a principal place of business located at 28329 Paseo Drive, Suite 140, Wesley Chapel, Florida 33543.

14. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Pasco County, Florida, from its location at 28329 Paseo Drive, Suite 140, Wesley Chapel, Florida 33543, where it employed Plaintiff.

15. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, 42 U.S. Code § 1981 and the FCRA.

16. Accordingly, Defendant, HQ SALON AVEDA, is liable under 42 U.S. Code § 1981 and the FCRA for the unlawful discrimination, hostile work environment, and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On December 23, 2024, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race discrimination and retaliation (EEOC Charge No. 511-2025-00989).

19. On January 3, 2025, the EEOC issued Plaintiff a Determination and Notice of Rights in reference to her Charge of Discrimination against Defendant.

20. Plaintiff's claims under 42 U.S. Code § 1981 are not subject to any administrative exhaustion requirement.

21. More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22. All conditions precedent to bringing this action have been performed or have occurred.

## **GENERAL ALLEGATIONS**

23. Plaintiff, Danielle Gordon, is an African American female.

24. In April 2021, Defendant hired Plaintiff to work as a Hair Stylist at its salon located at 28329 Paseo Drive, Suite 140, Wesley Chapel, Florida.

25. As a Hair Stylist, Plaintiff was responsible for providing hair care and styling services to Defendant's clients.

26. Throughout her employment, Plaintiff was treated differently than her non-Black coworkers and was subjected to bullying, harassment, and racially discriminatory conduct by her coworkers.

27. In 2023, a coworker used the "N" word in Plaintiff's presence. Plaintiff reported the incident to Defendant. Although Defendant spoke with the coworker, a few months later the same coworker used the "N" word again, and Plaintiff was again required to report it. Defendant spoke with the coworker a second time, but Plaintiff was still required to continue working alongside her.

28. Throughout Plaintiff's employment, other stylists refused to work on textured hair, offering excuses such as that they did not know how to

do so or that it took too much time. As a result, those clients were routinely assigned to Plaintiff, while Plaintiff's non-Black coworkers were permitted to decline such work.

29.    In or about July or August 2024, Plaintiff reported that clients were being removed from her book in violation of Defendant's policy. Although Defendant reviewed the matter and disciplined one coworker, the main perpetrators were not disciplined, and Plaintiff was told that she needed to get her own clients.

30.    In or about September 2024, two white coworkers, Summia and Jade, were having a loud conversation at the shampoo bowl. When Plaintiff approached them and asked them to lower their voices, they began making disparaging comments toward Plaintiff, including that she was a "no-good stylist," that they were tired of her "shit," and that she needed to get her "Black ass" back out to her client.

31.    Later that same day, Plaintiff and the two coworkers were called into the General Manager's office and told that a client had reported a "confrontation" at the shampoo bowl. Plaintiff denied that there had been a confrontation. All three employees were verbally reminded to

remain professional at all times, despite the fact that the coworkers had directed a racially charged remark at Plaintiff.

32. The following day, the same coworkers bumped doors and closed them in Plaintiff's face and refused to move out of her way. Plaintiff reported these incidents to her supervisor, but was told that she was "intimidating" by her presence.

33. On December 5, 2024, Plaintiff accidentally knocked over a coworker's coffee mug. Later that day, in the breakroom, the coworker blocked Plaintiff from retrieving her phone and refused to move to allow Plaintiff to get her belongings. In response, Plaintiff called the coworker a "bitch."

34. Later on December 5, 2024, Defendant issued Plaintiff a Corrective Action Form placing her on probation and citing "non-compliance with Systems Manual" and "unsatisfactory job performance." Plaintiff had never previously been written up or disciplined. Plaintiff noted on the form that she did not agree with anything stated in it, and Plaintiff was sent home.

35. On December 6, 2024, Plaintiff reported to work and worked her full shift. At the end of the day, Plaintiff's supervisor called her into the office and terminated her employment.

36. Defendant's stated reason for Plaintiff's termination was unsatisfactory treatment of a client, guest, or customer, based on the breakroom incident involving her coworker.

37. Defendant's stated reason for Plaintiff's termination was false and pretextual. On a prior occasion, another stylist screamed at a client to get out of the chair during a confrontation, yet that stylist was not disciplined or terminated.

38. Similarly situated non-Black employees, including the coworkers who directed racially charged remarks at Plaintiff and engaged in harassing conduct toward her, were not disciplined or terminated for their conduct.

39. Defendant knew or should have known of the discriminatory and harassing conduct directed at Plaintiff, as Plaintiff repeatedly reported the conduct to management, but Defendant failed to take prompt and effective remedial action.

40.    Defendant's decision to discipline and terminate Plaintiff was motivated by her race and by her repeated complaints of racial discrimination, and was the culmination of the ongoing discriminatory treatment she endured throughout her employment.

41.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered significant damages, including lost wages, lost benefits, and other compensation.

42.    Plaintiff has also suffered emotional distress, anxiety, depression, loss of well-being, and damage to her professional reputation as a result of Defendant's unlawful conduct.

## COUNT I
### VIOLATION OF 42 U.S. CODE § 1981
### (RACE DISCRIMINATION - DISPARATE TREATMENT)

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    42 U.S. Code § 1981 - Equal rights under the law - makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

45.    Plaintiff is an African American female and a member of a protected class protected by 42 U.S. Code § 1981 from discrimination based on

10

her race.

46. At all times material, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

47. Plaintiff was qualified for her position as a Hair Stylist and performed her job duties at a satisfactory or above-satisfactory level.

48. Defendant subjected Plaintiff to adverse employment actions, including heightened scrutiny, being assigned work that non-Black employees were permitted to decline, the removal of clients from her book, unwarranted discipline, probation, and termination.

49. Similarly situated non-Black employees engaged in similar or worse conduct, including directing profane and racially charged remarks at coworkers and screaming at a client, but were not disciplined or terminated.

50. Plaintiff was treated less favorably than these similarly situated non-Black employees.

51. Defendant's stated reason for Plaintiff's termination was pretextual, as the conduct cited as justification for termination was tolerated when engaged in by non-Black employees.

52. But for Plaintiff's race, Defendant would not have subjected her to the

adverse employment actions described herein, including termination.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including lost wages, lost earning capacity, emotional distress, and other compensable losses.

54.     Defendant's actions were intentional, willful, and carried out with reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all relief available under 42 U.S. Code § 1981, including compensatory damages, punitive damages, attorneys' fees, costs, interest, and such other relief as the Court deems just and proper, and demands trial by jury.

**COUNT II**
**VIOLATION OF 42 U.S. CODE § 1981**
**(HOSTILE WORK ENVIRONMENT)**

55.     Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

56.     Plaintiff is an African American female and a member of a protected class protected by 42 U.S. Code § 1981.

57.     At all times material, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

58.     Plaintiff was subjected to unwelcome harassment based on her race.

59. The harassment included, but was not limited to, a coworker's repeated use of the "N" word in Plaintiff's presence; disparaging and racially charged remarks by coworkers, including that Plaintiff needed to get her "Black ass" back out to her client; the assignment to Plaintiff of textured-hair clients that non-Black stylists refused to serve; the removal of clients from Plaintiff's book; and other bullying and harassing conduct directed at Plaintiff because of her race.

60. This harassment was severe and pervasive, altered the terms and conditions of Plaintiff's employment, and created an abusive working environment.

61. A reasonable person in Plaintiff's position would find the environment hostile and abusive, and Plaintiff in fact perceived it to be hostile and abusive.

62. Defendant knew or should have known of the harassment, as Plaintiff repeatedly reported it to management, and failed to take prompt and effective remedial action.

63. As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress, including anxiety and depression, as well as economic damages.

13

64. Defendant's conduct was intentional and in reckless disregard of Plaintiff's rights under 42 U.S. Code § 1981.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all relief available under 42 U.S. Code § 1981, including compensatory damages, punitive damages, attorneys' fees, costs, interest, and such other relief as the Court deems just and proper, and demands trial by jury.

## COUNT III
### VIOLATION OF 42 U.S. CODE § 1981
### (RETALIATION)

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

66. At all times material, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

67. Plaintiff engaged in protected activity under 42 U.S. Code § 1981 when she reported and opposed race discrimination, including reporting a coworker's repeated use of the "N" word, reporting the racially charged remarks made to her at the shampoo bowl, and reporting the removal of clients from her book and the harassing conduct that followed.

68. Defendant knew that Plaintiff had engaged in protected activity.

69. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including telling her she was "intimidating" by her presence, issuing her a Corrective Action Form placing her on probation, sending her home, and terminating her employment.

70. The materially adverse actions taken against Plaintiff were causally related to her protected activity, as evidenced by the temporal proximity and pattern of escalating conduct following her complaints.

71. Defendant's actions would dissuade a reasonable employee from making or supporting a charge of discrimination.

72. Defendant's stated reason for Plaintiff's termination was false, pretextual, and/or retaliatory.

73. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages, including lost wages, lost earning capacity, emotional distress, and other compensable losses.

74. Defendant's actions were intentional, willful, and carried out with reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all relief available under 42 U.S. Code § 1981, including compensatory damages,

punitive damages, attorneys' fees, costs, interest, and such other relief as the Court deems just and proper, and demands trial by jury.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RACE DISCRIMINATION - DISPARATE TREATMENT)

75. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

76. Plaintiff is an African American female and a member of a protected class under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, Florida Statutes, by way of her race.

77. At all times material, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

78. Plaintiff was qualified for her position as a Hair Stylist and performed her job duties satisfactorily.

79. Defendant subjected Plaintiff to adverse employment actions, including heightened scrutiny, being assigned work that non-Black employees were permitted to decline, the removal of clients from her book, unwarranted discipline, probation, and termination.

80. Similarly situated non-Black employees were treated more favorably under similar circumstances, including with respect to workplace discipline for profane and confrontational conduct.

81. Plaintiff's race was a motivating factor in Defendant's decision to subject her to adverse employment actions, including her termination.

82. Defendant's stated reason for Plaintiff's termination was false, pretextual, and/or selectively applied.

83. As a result of Defendant's conduct, Plaintiff suffered damages, including lost wages, loss of earning capacity, emotional distress, and other compensable losses.

84. Defendant's conduct was intentional, willful, and in violation of the FCRA.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all relief available under the FCRA, including back pay, front pay, compensatory damages, attorneys' fees, costs, interest, and such other relief as the Court deems just and proper, and demands trial by jury.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (HOSTILE WORK ENVIRONMENT)

85. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

86. Plaintiff is an African American female and a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her race.

87. At all times material, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

88. Plaintiff was subjected to unwelcome harassment based on her race.

89. The harassment included, but was not limited to, a coworker's repeated use of the "N" word in Plaintiff's presence; disparaging and racially charged remarks by coworkers, including that Plaintiff needed to get her "Black ass" back out to her client; the assignment to Plaintiff of textured-hair clients that non-Black stylists refused to serve; the removal of clients from Plaintiff's book; and other bullying and harassing conduct directed at Plaintiff because of her race.

90. The harassment was severe or pervasive enough to alter the terms and conditions of Plaintiff's employment and to create a hostile and abusive working environment.

91. A reasonable person in Plaintiff's position would find the environment hostile and abusive, and Plaintiff in fact perceived it to be hostile and abusive.

92. Defendant, through its supervisors and managers, knew or should have known of the harassment and failed to take prompt and effective remedial action.

93. As a direct and proximate result of Defendant's unlawful hostile work environment, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all relief available under the FCRA, including back pay, front pay, compensatory damages, attorneys' fees, costs, interest, and such other relief as the Court deems just and proper, and demands trial by jury.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

94. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

95. At all times material, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

96. Plaintiff engaged in protected activity under the FCRA when she reported and opposed race discrimination, including reporting a coworker's repeated use of the "N" word, reporting the racially charged remarks made to her at the shampoo bowl, and reporting the removal of clients from her book and the harassing conduct that followed.

97. Defendant knew that Plaintiff had engaged in protected activity.

98. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including telling her she was "intimidating" by her presence, issuing her a Corrective Action Form placing her on probation, sending her home, and terminating her employment.

99. A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and pattern of escalating retaliatory conduct following her complaints.

100. Defendant's actions would dissuade a reasonable worker from making or supporting a charge of discrimination.

101. Defendant's stated reason for Plaintiff's termination was false, pretextual, and/or retaliatory.

102. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all relief available under the FCRA, including back pay, front pay, compensatory damages, attorneys' fees, costs, interest, and such other relief as the Court deems just and proper, and demands trial by jury.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff respectfully requests a trial by jury.

Date this 21st day of July, 2026.

*/s/ Jason W. Imler, Esq.*

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com
Attorneys for Plaintiff